521 So.2d 313 (1988)
The STATE of Florida, Appellant,
v.
Margo E. KONCES, Appellee.
No. 87-1579.
District Court of Appeal of Florida, Third District.
March 8, 1988.
Robert A. Butterworth, Atty. Gen., and Charles M. Fahlbusch, Asst. Atty. Gen., for appellant.
Bruce Alter, Miami, for appellee.
Before BARKDULL, HENDRY and FERGUSON, JJ.
PER CURIAM.
The State appeals the trial court's order granting the defendant's motion to dismiss, on the basis of objective entrapment.
A confidential informant approached Detective Williams of the Metro-Dade Police Department with information concerning an individual who was interested in selling five kilograms of cocaine. Williams expressed an interest in the information. The confidential informant contacted the drug dealer and proposed a meeting for later that day. At that meeting the informant introduced the detective to his contact, Tom Mason, who told Williams that although he did have cocaine to sell he did not have large quantities in his possession. When the detective asked Mason if he could acquire cocaine in kilogram quantities, Mason got up, made several phone calls, then told the detective that he had a female source who could supply the cocaine, adding, "I usually buy pot from her." A week later, the confidential informant contacted Detective Williams telling him that the deal was on for the sale of one kilogram of cocaine.
Williams, accompanied by the confidential informant, drove to the parking lot of an apartment house. Mason came out of the apartment house, approached Williams' car, and asked to see the money. Satisfied that Williams had the money, Mason made a phone call to the apartment requesting that the cocaine be delivered. A short time later the defendant, Konces, came out of *314 the building and walked over to Williams' car. The defendant asked Williams to come up to the apartment saying "I usually don't do it like this on the street; I usually do it in my apartment" and "My partner doesn't like it out here either." When Williams refused to go upstairs to the apartment, Konces got into the car stating that "I had to put out my own money for this kilo." Williams asked to check the quality of the cocaine. Konces replied, "There's a window in it," and showed him where the packaging had been cut to permit inspection. Police officers then moved in and arrested Konces and Mason.
Konces filed a motion to dismiss on the basis of objective entrapment.[1] The motion alleged that during the one-week period preceding the date of the defendant's arrest, the informant met with Konces many times. She alleged that at these meetings he asked her, repeatedly, to sell cocaine and that when she refused he telephoned her more than two dozen times imploring her to make the sale. The motion further alleged that the informant promised that if the cocaine deal was consummated he would invest in a legitimate jewelry business the defendant planned to open.
The trial court granted the motion to dismiss on grounds that the undisputed testimony of the defendant established objective entrapment as a matter of law. We disagree.
Under the two prong test for entrapment established by the supreme court in Cruz v. State, 465 So.2d 516 (Fla.), cert. denied, 473 U.S. 905, 105 S.Ct. 3527, 87 L.Ed.2d 652 (1985), "[e]ntrapment has not occurred as a matter of law where police activity (1) has as its end the interruption of a specific ongoing criminal activity; and (2) utilizes means reasonably tailored to apprehend those involved in the ongoing criminal activity." Cruz, 465 So.2d at 522.
Here, the first prong of the test was satisfied where the confidential informant introduced Detective Williams to Mason who readily agreed to sell cocaine to Williams and admitted that he had purchased drugs in the past. The police did not set up an operation which sought to manufacture crimes where none existed; they simply sought to interrupt a specific drug trafficking operation. See Lusby v. State, 507 So.2d 611 (Fla. 4th DCA), rev. denied, 518 So.2d 1276 (Fla. 1987) ("The interruption of ongoing drug trafficking is a specific ongoing criminal activity sufficient to satisfy the first prong of the [Cruz] test.")
The second prong of the Cruz test concerns the proper use of police enforcement techniques. Factors to be considered are whether the government agent encourages others to commit crime by either "(a) making knowingly false representations designed to induce the belief that such conduct is not prohibited; or (b) employing methods of persuasion or inducement which create a substantial risk that such an offense will be committed by persons other than those who are ready to commit it." Cruz, 465 So.2d at 522 (quoting Model Penal Code § 2.13 (1962)).
Applying the second prong of the test to the actions of the police we find that there was no substantial risk that innocent persons were induced to commit crimes. See Brown v. State, 484 So.2d 1324 (Fla. 3d DCA) (police activity designed to identify and bring to justice only those individuals currently involved in crime did not fall below proper standards for use of governmental power), rev. denied, 492 So.2d 1330 (Fla. 1986).
The police were introduced to the defendant not by the confidential informant but by her co-defendant, Mason. Mason informed the police that his usual drug supplier was a female and that she would be the individual who would supply him with kilogram quantities of cocaine in this drug deal. That there was ongoing criminal activity in which Konces was involved was *315 confirmed by Konces in her later statement to the undercover officer that she usually made drug deals in her apartment, not in the street, and by her familiarity with drug packaging procedures and terminology.
Although the defendant alleges that the confidential informant made repeated attempts to persuade her to obtain and sell cocaine, the defendant does not allege that the informant made threats to her personal safety or made promises of exorbitant gain. While the informant allegedly promised to invest in Konces' business, the amount of money to be invested was never mentioned. See Lusby, 507 So.2d at 613 (ten to fourteen attempts to persuade individual to enter drug deal not outrageous where there were no threats to personal safety or promises of exorbitant gain).
Under the facts of this case it cannot be said that the police cast their nets into impermissible waters. Brown, 484 So.2d at 1327.
The order granting the motion to dismiss is reversed and the case remanded for further proceedings consistent with this opinion.
NOTES
[1] Unable to rebut the defendant's contentions because the government informant was unavailable, the State argued that the undisputed testimony of a defendant cannot establish entrapment as a matter of law. We need not address this issue because, applying the requirements of the threshold test for entrapment, we find that the police conduct in this case did not fall below the standards for proper use of governmental power.