522 So.2d 537 (1988)
The STATE of Florida, Appellant,
v.
Hector LOPEZ, Appellee.
No. 87-1101.
District Court of Appeal of Florida, Third District.
March 29, 1988.
Robert A. Butterworth, Atty. Gen. and Margarita Muina Febres, Asst. Atty. Gen., for appellant.
Carl H. Lida and Lane S. Abraham, Miami, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and FERGUSON, JJ.
PER CURIAM.
Like State v. Konces, 521 So.2d 313 (Fla. 3d DCA 1988),[1] in which, as here, the defendant drug seller was put together with the police by a confidential informant, neither of the two prongs of the objective entrapment test adopted in Cruz v. State, 465 So.2d 516 (Fla. 1985), cert. denied, 473 U.S. 905, 105 S.Ct. 3527, 87 L.Ed.2d 652 (1985), was established.[2] See also Donaldson v. State, 519 So.2d 737 (Fla. 3d DCA 1988). Accordingly, the order below, which granted the defendant's sworn motion to dismiss on that ground, is reversed.
NOTES
[1] Konces was, of course, decided subsequent to the order presently under review.
[2] We note that the Cruz objective test has been abolished by the Florida Legislature in section 777.201, Florida Statutes (1987), effective October 1, 1987. Since the offense alleged in this case occurred before that date, however, Cruz remains applicable.