525 So.2d 1005 (1988)
Antonio GONZALEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 86-3122.
District Court of Appeal of Florida, Third District.
May 31, 1988.
*1006 Bennett H. Brummer, Public Defender and Harvey J. Sepler, Asst. Public Defender and Roberta Simon, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen. and Ivy R. Ginsberg, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J.[*] and HUBBART and JORGENSON, JJ.
PER CURIAM.
The defendant Antonio Gonzalez appeals his conviction and sentence for trafficking in cocaine and conspiracy to traffic in cocaine entered below upon an adverse jury verdict. He contends as his sole point on appeal that the trial court erred in denying his motion for judgment of acquittal because, it is urged, his defense of objective entrapment was established as a matter of law under Cruz v. State, 465 So.2d 516 (Fla.), cert. denied, 473 U.S. 905, 105 S.Ct. 3527, 87 L.Ed.2d 652 (1985).[1] Based on the authority of State v. Konces, 521 So.2d 313 (Fla. 3d DCA 1988) and State v. Lusby, 507 So.2d 611 (Fla. 4th DCA), rev. denied, 518 So.2d 1276 (Fla. 1987), we disagree and conclude that neither of the two prongs of objective entrapment under Cruz was established in this case.
The defendant drug seller was put in touch with an undercover police officer by a confidential informant, and thereafter the defendant sold cocaine to the undercover officer. Plainly, this police-sponsored activity (1) had "as its end the interruption of a specific ongoing criminal activity," Cruz, 465 So.2d at 522, and (2) "utilize[d] means reasonably tailored to apprehend those involved in the ongoing criminal activity." Id. The fact that the confidential informant and the police had no information that the defendant was selling illicit drugs prior to this drug-trafficking incident, and that the confidential informer called the defendant ten or fifteen times to induce the instant meeting with the undercover officer cannot, as urged, change this result; nor are we impressed that the cajolery used by the confidential informer on the defendant amounted, as urged, to prohibited police conduct under Cruz.
The final judgment of conviction and sentence under review is, therefore, in all respects
Affirmed.
NOTES
[*] Chief Judge Schwartz participated in the decision, but did not hear oral argument.
[1] We note that the Cruz objective test of entrapment has been abolished by Section 777.201, Florida Statutes (1987), effective October 1, 1987. Because the offense in this case occurred prior to that date, however, the Cruz objective test remains applicable. State v. Lopez, 522 So.2d 537, 537 n. 2 (Fla. 3d DCA 1988).