560 So.2d 1296 (1990)
STATE of Florida, Appellant,
v.
Robert L. PURVIS and Christopher A. Ellis, Appellees.
Nos. 89-8, 89-9.
District Court of Appeal of Florida, Fifth District.
April 26, 1990.
*1297 Robert A. Butterworth, Atty. Gen., Tallahassee, and Fleming Lee, Asst. Atty. Gen., and Robin A. Compton, Certified Legal Intern, Daytona Beach, for appellant.
Raymond O. Bodiford of Sam E. Murrell & Sons, Orlando, for appellee Robert L. Purvis.
Neil G. Paulson, Orlando, for appellee Christopher Alan Ellis.
PETERSON, Judge.
The State appeals the dismissal of Counts I, VI, and VII of its information. Count I of the information alleged a RICO violation pursuant to section 895.03(3), Florida Statutes; Count VI alleged a violation of section 893.135(1)(b)(1), Florida Statutes, trafficking in cocaine; and Count VII alleged a violation of section 893.135(5), Florida Statutes, conspiracy to traffic in cocaine. The order of dismissal was entered after a hearing on defendants' motions pursuant to Florida Rules of Criminal Procedure 3.190(c)(4), commonly called "C-4 motions." While we agree with the trial court that the traverses were filed untimely, we reverse, nevertheless.
The State's traverses were of few words and were filed after the commencement of the hearing thereon. The traverse to the C-4 motion directed to the State's first count asserted: "The State specifically disputes paragraph # 2, # 3, # 4, and further would contend that the Motion does not contain all the material facts." The traverse to the C-4 motion for Counts VI and VII asserted: "The State specifically disputes paragraphs 4, 6, 7, 8, 9, and further contends that the Motion fails to set forth all the material facts." The trial court dismissed the three counts of the seven-count information, indicating that the traverses were both insufficient and untimely. We agree that the traverses were filed untimely; therefore, the issue of sufficiency need not be addressed.
Rule 3.190(d), Florida Rules of Criminal Procedure, requires that a traverse be filed a reasonable time before the hearing on the motion to dismiss. A traverse filed after the commencement of the hearing is untimely. State v. Rodriguez, 505 So.2d 628 (Fla. 3d DCA 1987), reversed on other grounds, 523 So.2d 1141 (Fla. 1988). In defense of its late filing, the State alleges that the hearing on the motions was scheduled for December 16, 1988, but that the C-4 motions were not mailed to the State until December 12; that the defendants' counsel was advised by telephone before the hearing that the State intended to traverse the motions; and that it had only two or possibly three days between the time the motions were received and the hearing. The State cites State v. Burnison, 438 So.2d 538 (Fla. 2d DCA 1983), as authority for allowing service of a traverse immediately before the commencement of the hearing. While we agree that such short notice by the defendants of a hearing on their motions is inconsiderate and objectionable, no such objection was raised at the hearing on the motions. Also, the lack of substance and the brevity of the traverses indicates that two or possibly three days should have been ample time to prepare and file them. Since the traverses were not served upon the defendants until the hearing began, the rule established in *1298 Rodriguez, rather than in Burnison, controls this issue. Therefore, we hold that the traverses were untimely filed.
However, the untimely service of the traverses to the C-4 motions does not necessarily mean that the three counts of the information to which the motions were directed must be summarily dismissed. The contents of the C-4 motions must first be examined to determine whether the facts alleged show that "[t]here are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant... ." Fla.R. Crim.P. 3.190(c)(4). The undisputed facts must constitute a valid defense or negate an essential element of the charge. Ritter v. State, 390 So.2d 168 (Fla. 5th DCA 1980). Whether or not the State responds to a motion to dismiss, the court must consider the motion and decide whether it is legally sufficient. State v. Lawler, 384 So.2d 1290 (Fla. 5th DCA 1980), review denied, 392 So.2d 1376 (Fla. 1981). The burden of persuasion on a motion to dismiss does not shift to the State until the defendant files a motion sufficient to show that the State cannot establish a prima facie case. Ellis v. State, 346 So.2d 1044 (Fla. 1st DCA 1977), cert. denied, 352 So.2d 175 (Fla. 1977). If the undisputed facts as alleged in the motion to dismiss are legally insufficient, then any response from the State would be superfluous, and the motion may be summarily denied. Id. at 1046.
The motion to dismiss Count I (the RICO offense) contains mostly conclusions of law. The amended information to which the motion was addressed charged that:
Christopher Alan Ellis and Robert Lee Purvis, beginning on or about the 16th day of February, 1988, and continuing through the 23rd day of April, 1988, at diverse times between said dates, in said County and State, did, in violation of Florida Statute 895.03(3) combine with each other to form and associate with an enterprise the purpose of which was to engage in a pattern of criminal activity in violation of Chapter 893 of the Florida Statutes and did engage in a pattern of criminal activity consisting of two or more violations of Chapter 893 of the Florida Statutes which have the same intent and method of commission... .
The C-4 motion directed to Count I urges the conclusion that neither the three alleged drug transactions nor the sworn deposition of the undercover officer supports the contention that these incidents were interrelated or that the defendants were associated with an enterprise. The C-4 motion further concludes that the fact that certain sales of cocaine were allegedly committed by the same persons on different dates is not sufficient to show a "pattern of racketeering activity." The motion contains no allegations of material facts that would establish a defense to or negate the charges. The only factual allegation that one can glean from the motion is that the defendants may have made several sales of cocaine on different dates. Such an allegation does nothing to either negate or establish a defense to a charge of "racketeering activity." Since the motion to dismiss Count I does not set forth facts sufficient to justify a dismissal under Rule 3.190(c)(4), the dismissal of Count I of the information is reversed.
The motion to dismiss Counts VI and VII (alleging trafficking and conspiracy offenses) was based upon the theory that the undisputed facts established entrapment as a matter of law. The entrapment defense arises from the recognition that sometimes police activity will induce an otherwise innocent individual to commit a criminal act the police activity seeks to produce. In Cruz v. State, 465 So.2d 516 (Fla.), cert. denied, 473 U.S. 905, 105 S.Ct. 3527, 87 L.Ed.2d 652 (1985), the Florida Supreme Court held that a police "drunken bum decoy operation" was entrapment as a matter of law. The bait was $150 in cash plainly displayed in the back pocket of a person seemingly incapable of noticing if it was removed. The court found that the police had not targeted any specific ongoing *1299 criminal activity and that the operation carried a substantial risk that the cash would be stolen by persons other than those who were ready to commit the crime.
The Cruz opinion indicated that where entrapment occurs as a matter of law, it is termed "objective entrapment." The existence of objective entrapment can be determined upon a motion to dismiss. In Cruz, the court propounded the following two-pronged threshold objective test to determine the existence of objective entrapment: "Entrapment has not occurred as a matter of law where police activity (1) has as its end the interruption of a specific ongoing criminal activity; and (2) utilizes means reasonably tailored to apprehend those involved in the ongoing criminal activity." Id. at 522. The facts alleged in the motions to dismiss in the instant case do not establish entrapment as a matter of law when the Cruz two-pronged test is applied.
In their motions to dismiss the trafficking and conspiracy counts, the defendants allege essentially the following:
1. The strength of financial incentive combined with repetition of attempts to persuade the defendants to commit the offense, in addition to offering alcohol to underaged persons to keep them from backing out of the deal leads to the conclusion that the trial court should find entrapment as a matter of law.
2. Neither defendant possessed the large amount of cocaine that was requested by the police officer, and it was to be obtained from a "source." Thus, the first prong of the Cruz test is not met since the objective was not the interruption of ongoing criminal activity, to-wit, the sale of small amounts of cocaine, but the commission of a different crime of sales large enough to constitute trafficking.
3. The officer misrepresented who he was and the amount of money that defendants could make by entering into the transaction.
4. The officer continued to induce and encourage the defendants to obtain the larger amounts of cocaine even though the defendants told him that it would not be possible to produce such large quantities because the officer would not give them any money in advance. Thus, the officer did not have as his objective the interruption of ongoing criminal activity since the sale of a much larger amount differed from the lesser amounts previously sold by the defendants and constituted different crimes having different penalties.
5. Repeated requests were made by the undercover officer for larger amounts of cocaine.
6. There was no evidence that the defendant Purvis ever would have possessed more than 20 grams of cocaine except by the actions of the undercover officer, and defendant Ellis never had been involved with over 28 grams of cocaine on a previous occasion.
7. The undercover officer made false representations as to who he was, the amount of money he had, and the amount of money the defendants could make by entering into the transaction.
8. On April 22, 1988, the undercover officer bought a six-pack of beer and offered one to each of the underage defendants. Both defendants and the officer each drank one beer. The officer urged defendant Ellis to consume the beer when he appeared nervous about proceeding with the transaction and promised to buy Ellis a case of beer if the deal went through.
9. Ellis told the undercover officer on April 22, 1988, that he was nervous and wanted to go home.
10. On one occasion, the undercover officer appeared at Ellis' home without an invitation.
11. On April 22, 1988, the undercover officer insisted that they go through *1300 with the deal even though the defendants insisted that they could not do what he was requesting. The defendant Purvis said that it would not be possible to produce the amount of cocaine requested because the officer would not give him any money.
12. A witness, "Flash," if allowed to testify would corroborate that defendant Purvis never dealt in amounts of cocaine greater than 28 grams or any amount that would subject him to prosecution of trafficking.
13. The undercover officer set the amount of cocaine to be produced, not the defendants.
In attempting to establish that the police activity fails the first prong of the Cruz test, the defendants argue that there was no ongoing criminal activity dealing with amounts of cocaine constituting trafficking. We do not agree. The instant case differs from the situation in Cruz where bait was set for the innocent and unwary. The previous sales of the smaller amounts of cocaine, as to which the defendants do not allege entrapment, are sufficient to establish that the defendants were far from innocent and unwary and to meet the requirements of the first prong. See Lusby v. State, 507 So.2d 611 (Fla. 4th DCA), review denied, 518 So.2d 1276 (Fla. 1987).
The second prong of the Cruz test addresses the problem of inappropriate police techniques. Considerations in deciding whether police activity is permissible under the second prong include whether a government agent induces or encourages another person to engage in criminal conduct by either: (a) making knowingly false representations designed to induce the belief that such conduct is not prohibited; or (b) employing methods of persuasion or inducement which create a substantial risk that such an offense will be committed by persons other than those who are ready to commit it. The defendants attempt to show by their allegations that the police employed improper methods of persuasion and inducement by lying to the defendants, by communicating with them frequently, and by offering them beer and an amount of money. The attempt fails and the police activity in this case meets the second prong of the Cruz test.
As to the offers of remuneration and the lies, it must be recognized that, unless an undercover officer misrepresents his identity, states what it is that he wishes to buy, and shows an indication that he will deliver the financial reward for the illegal transaction, an undercover drug purchase would never be possible. These elements are a necessary part of any undercover operation and will not be considered. Further, none of the misrepresentations would cause the defendants reasonably to conclude that selling cocaine is not prohibited.
The defendants' motion also indicates that the police requested a larger amount of cocaine and made a number of contacts with the defendants. However, the motion fails to indicate the number of requests made. The motion alleges that the officer made an uninvited visit at the home of one of the defendants and that the mother of one of the defendants received 20 to 25 phone calls, the substance of which, if the calls were ever completed, is never set forth. The court is unable to determine from these factual allegations whether all or none of the calls and the one visit had as their purpose the request for a large sale of cocaine, small amounts, to arrange a meeting, or for some other purpose. Further, frequent contacts and requests for drugs do not establish entrapment as a matter of law.
In Gonzalez v. State, 525 So.2d 1005 (Fla. 3d DCA 1988), the court of appeal upheld the lower court's finding that entrapment as a matter of law did not occur where a confidential informant called a defendant ten or fifteen times to induce a meeting with an undercover officer for the purpose of allowing the officer to purchase cocaine in a drug trafficking incident.
The facts in State v. Konces, 521 So.2d 313 (Fla. 3d DCA 1988), are similar to those *1301 in the instant case. In Konces, a confidential informant introduced an undercover agent to co-defendant Mason who, when asked for a large amount of cocaine, said that he had some to sell but not in the large quantity requested. When the officer asked if Mason could acquire cocaine in the larger quantities, he replied that his co-defendant Konces could supply it. Once the co-defendant Mason had been shown that the money was available for the buy, the transaction was completed. The conviction was upheld despite Konces' allegation of entrapment on the grounds that the confidential informant met with her many times to coax her into selling the cocaine and she refused. It was only after the meetings and more than two dozen phone calls imploring her to make the sale and a promise that the informant would invest in a legitimate jewelry business after the transaction that she finally consummated the sale. The opinion stated:
Although the defendant alleges that the confidential informant made repeated attempts to persuade her to obtain and sell cocaine, the defendant does not allege that the informant made threats to her personal safety or made promises of exorbitant gain. While the informant allegedly promised to invest in Konces' business, the amount of money to be invested was never mentioned.
Id. at 315. In the instant case, there is no allegation that the police made threats against the defendants, and there is no allegation that the police made promises of exorbitant gain. The alleged contacts and requests by the police do not make a showing of objective entrapment, especially in light of the defendants' prior sales of the smaller amounts of cocaine.
We are not impressed by the defendants' attempt to portray themselves as nervous children who wanted to go home, where at least one of them lived with his mother, and by the implication that they were tranquilized by one beer and unduly influenced by the promise of a case of beer after the transaction was consummated. These two men were over the age of 18 years, understandably nervous about engaging in an illicit transaction, and, if the evidence at trial supports the allegations, they were confirmed drug peddlers who may have graduated to traffickers when the opportunity presented itself to expand their business venture.
We find that the facts (as distinguished from conclusions and legal arguments) alleged in the motions are not sufficient to justify a dismissal of Counts I, VI, and VII of the information even in the absence of traverses by the State.
The order granting the motions to dismiss is REVERSED, and the case is REMANDED for further proceedings consistent with this opinion.
REVERSED and REMANDED.
DANIEL, C.J., and W. SHARP, J., concur.