582 So.2d 88 (1991)
Juan Luis GARCIA, Appellant,
v.
STATE of Florida, Appellee.
No. 89-0983.
District Court of Appeal of Florida, Fourth District.
June 26, 1991.
Rehearing and Certification of Question Denied August 12, 1991.
Steven Wisotsky of Nova Law University Center and Douglas J. Glaid, Douglas J. Glaid, P.A., Fort Lauderdale, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James J. Carney, Asst. Atty. Gen., West Palm Beach, for appellee.
McNULTY, Senior Judge.
Appellant Garcia and Juan Londono were both ensnared in the same undercover operation. They were subsequently jointly charged in the same information with armed trafficking in cocaine (Count I) and with conspiracy to traffic (Count II). They were jointly tried before the same jury and each was convicted of the lesser included offense of attempted armed trafficking on Count I and of the conspiracy on Count II.
Londono prosecuted his appeal first, culminating in this court's decision in Londono v. State, 565 So.2d 1365 (Fla. 4th DCA 1990). This court held therein that Londono was "objectively" entrapped as a matter of law within the discipline of Cruz v. State, 465 So.2d 516 (Fla. 1985) in which, by a due process analysis, the Supreme Court held the police activity therein to have been *89 impermissible, requiring discharge of "all" ensnared. Londono was thus acquitted.[1]
The question here then, of course, is whether Garcia should also be acquitted on the same grounds. We hold the decision in Londono v. State, to be the law of the case and that Garcia must also be discharged on due process grounds.[2] Most recently, this court in essence reached the same conclusion in Herndon v. State (Fla. 4th DCA Case No. 89-3265, opinion filed May 8, 1991).
WE REVERSE AND REMAND WITH INSTRUCTIONS TO DISCHARGE APPELLANT.
GUNTHER and GARRETT, JJ., concur.
NOTES
[1] The underlying operative facts are set forth in Londono and it will serve no useful purpose to repeat them here.
[2] The determination of due process ultimately is a judicial function and quite beyond the scope of legislative prerogatives. Thus, while we have said that the entrapment statute, section 777.201, Fla. Stat., 1990, has abolished "objective" entrapment as such, Krajewski v. State (Fla. 4th DCA Case No. 90-0703) opinion filed March 13, 1991. (16 F.L.W.D.B. 692), we nevertheless in that case clearly reaffirmed the inherent power of the courts to determine due process questions involved in assailed police activities in a given case. Cf. Bowser v. State, 555 So.2d 879 (Fla. 2d DCA 1989); Gonzalez v. State, 571 So.2d 1346 (Fla. 3d DCA 1990).