PER CURIAM.
We affirm appellant’s conviction and sentence, except we remand for the sole purpose to allow the trial court to delete community service from the written sentence. The trial judge’s oral pronouncement at sentencing did not include community service. See Kord v. State, 508 So.2d 758 (Fla. 4th DCA 1987).
We address the trial judge’s denial of appellant’s motion for a judgment of ac *526 quittal. Appellant alleged that entrapment had occurred as a matter of law, but only argued the second prong of the threshold test set out in Cruz v. State, 465 So.2d 516 (Fla.), cert. denied, 473 U.S. 905, 105 S.Ct. 3527, 87 L.Ed.2d 652 (1985), to wit: the police activity utilized means unreasonably tailored to apprehend him. The trial court denied the motion relying on Gonzalez v. State, 525 So.2d 1005 (Fla. 3d DCA 1988) (fact that confidential informer contacted defendant ten or fifteen times held not to be unreasonable means to apprehend). Appellant did not argue the first prong of the Cruz test, to wit: the police activity did not have as its end the interruption of a specific ongoing criminal activity. Thus, appellant waived appellate review of the denial of the motion on the ground that he was not engaged in ongoing criminal activity.
AFFIRMED; REMANDED FOR CORRECTION OF THE WRITTEN SENTENCE.
DELL, GARRETT and FARMER, JJ., concur.