589 So.2d 254 (1991)
STATE of Florida, Petitioner,
v.
Mario KRAJEWSKI, Respondent.
No. 77685.
Supreme Court of Florida.
October 17, 1991.
Rehearing Denied December 18, 1991.
Robert A. Butterworth, Atty. Gen., Richard E. Doran, Asst. Deputy Atty. Gen., Tallahassee, and Joseph A. Tringali and John Tiedemann, Asst. Attys. Gen., West Palm Beach, for petitioner.
Richard L. Jorandby, Public Defender and Tanja Ostapoff, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for respondent.
McDONALD, Justice.
We review Krajewski v. State, 587 So.2d 1175 (Fla. 4th DCA 1991), in which the district court certified a question of great public interest. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Krajewski was convicted by a jury for possession of more than 400 grams of cocaine and for conspiracy to purchase more than 400 grams of cocaine. The sale forming the basis for Krajewski's conviction was arranged by a convicted drug dealer. Because the drug dealer had been promised a reduced sentence if he could obtain additional convictions, the district court, construing our decision in State v. Glosson, 462 So.2d 1082 (Fla. 1985), and the district court's prior decisions in Hunter v. State, 531 So.2d 239 (Fla. 4th DCA 1988), and State v. Anders, 560 So.2d 288 (Fla. 4th DCA 1990), held there had been a due *255 process violation and vacated Krajewski's conviction. The district court, obviously concerned with the effect its ruling would have on the use of convicted drug informants in drug cases, certified the following question:
DOES THE PERFORMANCE OF AN AGREEMENT UNDER SECTION 893.135(4)[, FLORIDA STATUTES (1989),] AS AMENDED [CH. 87-243, § 5, LAWS OF FLA.], WHEREBY AN INFORMER WILL RECEIVE A SUBSTANTIALLY REDUCED SENTENCE IN EXCHANGE FOR SETTING UP NEW DRUG DEALS AND TESTIFYING, CONSTITUTE A PER SE VIOLATION OF THE HOLDING IN STATE v. GLOSSON, 462 So.2d 1082 (Fla. 1985) AS TO AN INDIVIDUAL ENSNARED BY THAT PERFORMANCE?
We answered the certified question in the negative in our decision in State v. Hunter, 586 So.2d 319 (Fla. 1991). We therefore quash the opinion under review and remand this case to the district court for further consideration in light of Hunter.
It is so ordered.
SHAW, C.J. and OVERTON, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.