590 So.2d 442 (1991)
William SIMMONS, Appellant,
v.
STATE of Florida, Appellee.
No. 90-3499.
District Court of Appeal of Florida, First District.
November 4, 1991.
On Motion for Rehearing or Certification December 13, 1991.
Nancy A. Daniels, Public Defender, Nancy L. Showalter, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Gypsy Bailey, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Simmons appeals from a judgment and sentence for two counts of sale or delivery of cocaine and two counts of possession of *443 cocaine. He asserts on appeal that the trial court erred in denying his motion for judgment on acquittal on the grounds that the facts established entrapment as a matter of law in light of the holding in Cruz v. State, 465 So.2d 516 (Fla. 1985), cert. denied, 473 U.S. 905, 105 S.Ct. 3527, 87 L.Ed.2d 652 (1985). We find no merit in this contention as a result of the opinion of this court in State v. Munoz, 586 So.2d 515 (Fla. 1st DCA 1991).
BOOTH, WOLF and KAHN, JJ., concur.

ON MOTION FOR REHEARING OR CERTIFICATION
WOLF, Judge.
Appellant seeks rehearing or certification, arguing that current law from other districts is in conflict with this court's decision which relied on State v. Munoz, 586 So.2d 515 (Fla. 1st DCA 1991), to affirm the trial court's denial of the appellant's motion for judgment of acquittal. In Munoz, this court aligned itself with the Third District Court of Appeal in Gonzalez v. State, 571 So.2d 1346 (Fla. 3rd DCA 1990), rev. denied, 584 So.2d 998 (Fla. 1991), and with the Fourth District Court of Appeal in Krajewski v. State, 587 So.2d 1175 (Fla. 4th DCA 1991), quashed on other grounds, 589 So.2d 254 (Fla. 1991), holding that section 777.201, Florida Statutes (1987), effectively abolished the objective entrapment test set forth in Cruz v. State, 465 So.2d 516 (Fla. 1985), cert. denied, 473 U.S. 905, 105 S.Ct. 3527, 87 L.Ed.2d 652 (1985). The appellant argues that in Strickland v. State, 588 So.2d 269 (Fla. 4th DCA 1991), the Fourth District Court of Appeal has receded from Krajewski. Strickland relies, however, on the Florida Supreme Court's opinion in State v. Hunter, 586 So.2d 319 (Fla. 1991), where the court applied Cruz in a due process analysis, but did not address section 777.201, Florida Statutes.
A review of current law shows that, even if the fourth DCA intends to recede from its holding in Krajewski, the 3rd DCA still expressly holds that section 777.201 has abolished the Cruz objective entrapment test. See Gonzalez v. State, supra; State v. Lopez, 522 So.2d 537 (Fla. 3rd DCA 1988). The only case which expressly declines to find that the objective entrapment test of Cruz has been abolished by statute at this time is the Second District Court of Appeal's opinion in Bowser v. State, 555 So.2d 879 (Fla. 2nd DCA 1989). The Fifth District Court of Appeal has applied Cruz since the enactment of section 777.201, Florida Statutes, but has not to date addressed the effect of the statute on the Cruz objective entrapment test. See Smith v. State, 575 So.2d 776 (Fla. 5th DCA 1991); State v. Purvis, 560 So.2d 1296 (Fla. 5th DCA 1990).
We recognize, as expressed by the Third District Court of Appeal in Gonzalez, an intent by the Legislature to do away with the Cruz objective entrapment test. At the same time, we recognize that due process considerations parallel the objective entrapment test, and permissible police conduct must be limited by constitutional due process. That is, "prosecution of a defendant may be barred where the government's involvement in the criminal enterprise `is so extensive that it may be characterized as "outrageous."'" Gonzalez, supra at 1350, quoting Brown v. State, 484 So.2d 1324, 1327 (Fla. 3rd DCA 1986). The Florida Supreme Court has also noted, in the Cruz opinion, that objective entrapment involves issues which may overlap or parallel due process concerns. Cruz, 465 So.2d at 519 n. 1.
In Hunter, supra, the defendant below had raised a defense of entrapment under Cruz, but on appeal the primary issue was whether police conduct violated due process. In Hunter the supreme court held that objective entrapment under Cruz included due process considerations. The discussion in Hunter of due process considerations in light of an entrapment analysis does not answer the question of whether entrapment as a matter of law continues to exist where the police conduct does not rise to the level of a due process violation. While the Florida Supreme Court has indicated in Hunter that Cruz may be alive and well for purposes of due process analysis, *444 it has failed to address the effect of section 777.201, Florida Statutes (1987), on the Cruz objective entrapment test. We, therefore, certify the following question as one of great public importance:
HAS THE OBJECTIVE ENTRAPMENT TEST SET FORTH IN CRUZ V. STATE, 465 So.2d 516 (Fla. 1985), cert. denied, 473 U.S. 905 [105 S.Ct. 3527, 87 L.Ed.2d 652] (1985), BEEN ABOLISHED BY THE ENACTMENT OF SECTION 777.201, FLORIDA STATUTES (1987)?
Appellant's motion for rehearing or certification is granted to the extent indicated herein.
BOOTH and KAHN, JJ., concur.