ON MOTION FOR REHEARING
Appellees seek rehearing of our decision in which we reversed the trial court's order dismissing the informations filed against them. Our decision in this case was based *86 upon this court’s prior decision in State v. Munoz, 586 So.2d 515 (Fla. 1st DCA 1991), in which the identical issue presented in this case was decided adversely to appel-lees’ interests. In Munoz, a prior panel of this court held that section 777.201, Florida Statutes (1987), effectively abolished the objective entrapment test articulated in Cruz v. State, 465 So.2d 516 (Fla.), cert. denied, 473 U.S. 905, 105 S.Ct. 3527, 87 L.Ed.2d 652 (1985). We are constrained to follow this court’s prior decisions. Therefore, the motion for rehearing is denied.
However, we recognize the uncertainty among the district courts of appeal concerning the continuing viability of the objective entrapment test following enactment of section 777.201, Florida Statutes (1987), and the supreme court’s discussion of objective entrapment in the context of a due process analysis in State v. Hunter, 586 So.2d 319 (Fla.1991). Justice Kogan’s concurrence in Herrera v. State, 594 So.2d 275 (Fla.1992), also emphasizes the need for further enlightenment on this issue by the Florida Supreme Court. Accordingly, we certify the question previously certified on rehearing in Simmons v. State, 590 So.2d 442 (Fla. 1st DCA 1991), as a question of great public importance:
HAS THE OBJECTIVE ENTRAPMENT TEST SET FORTH IN CRUZ V STATE, 465 SO.2D 516 (FLA.1985), CERT. DENIED, 473 U.S. 905 [105 S.Ct. 3527, 87 L.Ed.2d 652] (1985), BEEN ABOLISHED BY THE ENACTMENT OF SECTION 777.201, FLORIDA STATUTES (1987)?
In all other respects, appellees’ motion for rehearing is denied.
ERVIN, J., and WENTWORTH, Senior Judge, concur.