PARKER, Judge.
Alexander Beattie appeals his conviction for possession of child pornography. Beat-tie argues that the trial court erred in denying his motion to dismiss filed pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). In his motion, Beattie asserted that he was entrapped unlawfully as a matter of law. We agree and reverse, concluding that the record establishes that law enforcement did not have as its end the interruption of specific ongoing criminal activity.
In January 1990, Beattie read an advertisement in a local free shopping publication. The ad, placed by U.S. Customs, listed a name and address for a distributor of “hard to find Foreign videos/magazines in Miniature & Young Love.” Beattie responded by letter and stated that he was not involved in law enforcement and was interested in movies “with very young people and with Black men, white women.” After an exchange of ten letters[1] between Beattie and an undercover customs official, a customs agent telephoned Beattie and arranged a meeting in a parking lot. The purpose of the meeting was to sell Beattie a child pornography video tape, “Sexy Lolita,” that U.S. Customs previously had seized.
Because possession of child pornography was not at that time an offense against the laws of the United States, the customs agent brought the Florida Department of Law Enforcement (FDLE) into this investigation. The FDLE arrested Beattie after they received his check and delivered the video tape to him in the parking lot.
It is undisputed that law enforcement did not know Beattie for any deviant activity or involvement with child pornography until he responded to the advertisement. U.S. Customs did not target individuals when the advertisement was placed in the publication. Before the advertisement was run, customs was aware of one child pornographic video tape which local authorities had seized from a video rental store and one local film developer who reported to local authorities that he had developed a customer’s film containing still photographs of nude children.
The trial court denied Beattie’s motion to dismiss after reviewing the motion, the depositions, and the memoranda of law. Beattie pleaded no contest, reserving his right to appeal the trial court’s order denying his motion to dismiss. The trial court withheld adjudication and placed Beattie on two years’ probation.
We conclude, based on the facts in this case, that the trial court erred in denying Beattie’s motion to dismiss. Our supreme court’s holding in Cruz v. State, 465 So.2d 516 (Fla.), cert. denied, 473 U.S. 905, 105 S.Ct. 3527, 87 L.Ed.2d 652 (1985) controls this case. In Cruz, the supreme court stated:
To guide the trial courts, we propound the following threshold test of an entrapment defense: Entrapment has not occurred as a matter of law where police activity (1) has as its end the interruption of a specific ongoing criminal activity; and (2) utilizes means reasonably tailored to apprehend those involved in the ongoing criminal activity.
The first prong of this test addresses the problem of police “virtue testing,” that is, police activity seeking to prosecute crime where no such crime exists but for the police activity engendering the crime.
Cruz, 465 So.2d at 522. In Bowser v. State, 555 So.2d 879 (Fla. 2d DCA 1989), this court followed Cruz and affirmed that Cruz is still the law in this district, notwithstanding passage of the new entrapment .statute[2] and the Third District *251 Court’s contrary position.[3] See also Wilson v. State, 589 So.2d 1036 (Fla. 2d DCA 1991) (objective test not abolished by section 777.201, Florida Statutes (1987)).
We conclude that Beattie established entrapment as a matter of law. Law enforcement created criminal activity where none existed. The government knew of no ongoing criminal activity prior to placing the advertisement. Law enforcement did not know Beattie. No known child pornography existed in the county at the time law enforcement established this reverse sting operation. Because no federal prosecution was possible, U.S. Customs brought FDLE in to arrange a crime against the laws of Florida. Because the Cruz test was not satisfied, we direct the trial court to dismiss the charge.
Reversed and remanded with directions to the trial court to dismiss the charge.
HALL, A.C.J., and PATTERSON, J., concur.

. The letters discussed types of movies available, film titles, prices, and usual lengths of time from order to delivery.

. § 777.201, Fla.Stat. (1987).

. See Gonzalez v. State, 525 So.2d 1005 (Fla. 3d DCA 1988); State v. Lopez, 522 So.2d 537 (Fla. 3d DCA 1988).