POLEN, Judge.
Juan Luis Garcia Sr., on his own behalf and on behalf of his two minor children, appeals from a final order dismissing with prejudice count III of the plaintiffs first amended complaint. We affirm.
Juan Luis Garcia, Sr. was arrested for trafficking in cocaine and conspiracy to traffic in cocaine. He was subsequently convicted of the conspiracy. However, this conviction was overturned pursuant to a decision of this court that Garcia was entrapped.[1] Garcia on his own behalf and on the behalf of his two minor children then filed suit against Officer Cristobal Reyes and the City of Fort Lauderdale, alleging among other counts, that the city violated their due process rights in their association as a family unit. This count essentially alleged that while in prison, Garcia was deprived of the care, custody and companionship of his children and his children were deprived of a reciprocal right. Reyes and the City filed a motion to dismiss for failure to state a cause of action. This motion was granted as to count III only (the count that alleged violation of the due process right of familial association & companionship).
We affirm the trial court’s dismissal of this count. The trial court correctly recognized that no Florida court, nor the federal Eleventh Circuit or the United States Supreme Court, has recognized a cause of action under 42 U.S.C. § 1983[2] based on state interference with the right of familial association. Other federal circuits have been divided on this issue, but none of the other circuits that have recognized such a cause of action have done so in a situation such as the one at bar *1294 where the right to familial association has been only temporarily rather than permanently taken away. See Smith v. City of Fontana, 818 F.2d 1411 (9th Cir.1987) (holding that the constitutional interest in familial companionship extends to protect children from unwarranted state interference with their relationships with their parents when father who was unarmed and offered only instinctive resistance to blows administered by police officers died as a result of being shot by police). See also Willard v. City of Myrtle Beach, 728 F.Supp. 397 (D.S.C.1989), in which the court stated as follows:
Alternatively, assuming that a constitutionally protectible parental liberty interest in the continued companionship and association with their children exists within the rubric of substantive due process, it is nevertheless clear that no such liberty interest is implicated by plaintiffs’ allegation that their son has suffered permanent emotional and psychological harm by virtue of a brief four hour detention by defendants on June 11, 1986. Significantly, as previously stated, every court which has recognized such a right of action has only done so unthin the factual context of a permanent, physical separation of parent and child, such as allegations of unlawful killing by individual state actors.
(Emphasis added.)
While we recognize at bar that Garcia’s thirty month detainment might have been a hardship on his children, and practically speaking his children might have suffered as a result of his incarceration, there is no Florida authority allowing the children to recover for the temporary detainment of their parent. However, we do recognize that there are other causes of actions that can be pursued by Garcia as evidenced by the still viable counts of his complaint where these claims might at least be taken into consideration. We nonetheless affirm the trial court’s decision not to recognize a new cause of action based on such a loss.
WARNER, J., concurs.
PARIENTE, J., dissents with opinion.

. Garcia v. State, 582 So.2d 88 (Fla. 4th DCA 1991).

. 42U.S.C. § 1983 provides:
Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities, secured by *1294 the Constitution and laws as, shall be liable to the parly injured in an action at law, suit in equity, or other proper proceeding for redress.