698 So.2d 257 (1997)
Juan Luis GARCIA, Jr., et al., Petitioners,
v.
Cristobal REYES, et al., Respondents.
No. 89018.
Supreme Court of Florida.
August 21, 1997.
*258 Steven Wisotsky, Miami, for Petitioners.
Raoul G. Cantero, III and Jonathan Colan of Adorno & Zeder, P.A., Miami, for Respondents.
Andrew Kayton, Miami; and Professor Steven G. Gey, Florida State University, College of Law, Tallahassee, for The American Civil Liberties Union Foundation of Florida, Amicus Curiae.
John J. Copelan, Jr., County Attorney for Broward County; Anthony C. Musto, Chief Appellate Counsel and Tamara M. Scrudders, Assistant County Attorney, Fort Lauderdale, for Broward County, Amicus Curiae.
GRIMES, Judge.
We review Garcia v. Reyes, 677 So.2d 1293 (Fla. 4th DCA 1996), in which the court certified the following question as one of great public importance:
WHETHER THE CHILDREN HAVE A CONSTITUTIONALLY PROTECTED LIBERTY INTEREST IN FAMILY COMPANIONSHIP UNDER THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT THAT WOULD ALLOW A CAUSE OF ACTION UNDER 42 U.S.C. SEC.1983 WHEN THE STATE UNLAWFULLY IMPRISONS THEIR FATHER FOR 30 MONTHS?
Id. at 1295. We have jurisdiction under article V, section 3(b)(4) of the Florida Constitution.
Juan Garcia, Sr., was arrested as a result of a reverse drug sting operation conducted by Cristobal Reyes, an officer of the Fort Lauderdale Police Department. Garcia was subsequently convicted of attempted armed trafficking in cocaine and conspiracy to traffic in cocaine. On appeal, his convictions were reversed on grounds of entrapment. Garcia v. State, 582 So.2d 88 (Fla. 4th DCA 1991). See Londono v. State, 565 So.2d 1365 (Fla. 4th DCA 1990) (opinion on codefendant's appeal which sets forth relevant facts of the criminal case). Garcia was imprisoned for approximately thirty months from the time he was arrested until his convictions were reversed.
Thereafter, Garcia, individually and on behalf of his two minor children, filed a civil action against Reyes and the City of Fort Lauderdale, seeking compensation for losses suffered as a result of his wrongful conviction and incarceration. The trial court dismissed count III of the amended complaint, which was the only count in which claims were pled on behalf of the children. Count III asserted a cause of action under 42 U.S.C. § 1983 (1994) for loss of child support, loss of family companionship, emotional and mental suffering, and loss of family unity and association between Garcia and his children.
On appeal from the trial court's dismissal of the children's claims, the district court of appeal affirmed but certified the foregoing question. In its opinion, the court made the following observation:
The trial court correctly recognized that no Florida court, nor the federal Eleventh Circuit or the United States Supreme Court, has recognized a cause of action under 42 U.S.C. § 1983 based on state interference with the right of familial association. Other federal circuits have been divided on this issue, but none of the other circuits that have recognized such a cause of action have done so in a situation such as the one at bar where the right to familial association has been only temporarily rather than permanently taken away.
Garcia, 677 So.2d at 1293-94 (footnote omitted).
Garcia claims that the children have a cause of action under 42 U.S.C. § 1983 because the right of family association is protected *259 from state interference by the Due Process Clause of the Fourteenth Amendment. He points to several federal circuit court decisions which have held that the right to family association is constitutionally protected and thereby actionable by the parent under section 1983 when a state actor unlawfully kills a child. Smith v. City of Fontana, 818 F.2d 1411 (9th Cir.1987); Estate of Bailey v. York County, 768 F.2d 503 (3d Cir. 1985); Bell v. City of Milwaukee, 746 F.2d 1205 (7th Cir.1984). However, a majority of the federal courts of appeal which have considered the issue refuse to recognize a claim by a family member under section 1983 for the death or injury of another allegedly caused by state action. Shaw v. Stroud, 13 F.3d 791, 805 (4th Cir.1994) (affirming denial of section 1983 claim brought by wife and minor children of individual shot and killed by state trooper); Harpole v. Arkansas Dep't of Human Servs., 820 F.2d 923, 927-28 (8th Cir.1987) (affirming dismissal of section 1983 claim brought by grandmother of child who died, allegedly due to state's negligence); Valdivieso Ortiz v. Burgos, 807 F.2d 6, 6 (1st Cir.1986) (affirming denial of section 1983 claim brought by stepfather and siblings of individual beaten to death by prison guards); Coon v. Ledbetter, 780 F.2d 1158, 1160-61 (5th Cir.1986) (affirming denial of section 1983 claim brought by wife and daughter of man shot inside his trailer home by deputies).
The United States Supreme Court has held as a matter of substantive due process that the government may not interfere in certain particularly private family decisions. E.g., Griswold v. Connecticut, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965). That Court has also held that when the state seeks to change or affect the relationship of parent and child in furtherance of a legitimate state interest, a Fourteenth Amendment liberty interest is implicated and the state should adhere to rigorous procedural safeguards. E.g., Santosky v. Kramer, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982) (involving termination of parental rights); Stanley v. Illinois, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972) (determining custody rights of unwed father). However, the United States Supreme Court has never suggested or even implied that a right for deprivation of family association is actionable under section 1983.
In addition, the text of section 1983 itself suggests that the statute was designed to protect the person whose constitutional rights have been violated rather than someone who may have been indirectly affected by state action. Thus, section 1983 provides in pertinent part:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.
In rejecting a section 1983 claim by relatives of a person who was beaten to death by prison guards, the First Circuit Court of Appeals in Valdivieso Ortiz, 807 F.2d at 9, observed:
Although we recognize and deplore the egregious nature of the alleged government action in this case, we hesitate, in the rather novel context of this case, to erect a new substantive right upon the rare and relatively uncharted terrain of substantive due process when case law, logic and equity do not command us to do so. It does not necessarily follow that the incidental deprivation of even a natural parent's parental rights is actionable simply because the relevant deprivation of life is shocking. In addition, a conclusion that governmentally caused termination of, or encroachment on, the parental interest in the continued relationship with a child always is actionable would constitutionalize adjudication in a myriad of situations we think inappropriate for due process scrutiny, including the alleged wrongful prosecution and incarceration of a child or the alleged wrongful discharge of a child from a state job, forcing the child to seek employment in another part of the country. Moreover, the problem of giving definition and limits *260 to a liberty interest in this vast area seems not only exceedingly difficult but to a considerable extent duplicative of the widespread existence of state causes of action, as in this case, which provide some compensation to grieving relatives.
We are reluctant to recognize a section 1983 cause of action for deprivation of family association under circumstances where no court in the nation has ever done so. In each instance where a section 1983 action brought by relatives of the victim has been approved, the cause of action arose out of a death caused by a governmental actor, and in a real sense those claimants were standing in the shoes of the victim. See Willard v. City of Myrtle Beach, 728 F.Supp. 397, 404 (D.S.C. 1989) ("[E]very court which has recognized such a right of action has only done so within the factual context of a permanent, physical separation of parent and child, such as allegations of unlawful killing by individual state actors.").
We therefore answer the certified question in the negative and approve the decision below.[1]
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] In view of our decision, we do not address the respondents' additional argument that entrapment does not violate federal due process rights so as to allow a section 1983 claim.