GLICKSTEIN, Judge.
This is an appeal of the dismissal of a criminal information. We reverse and remand.
Defendant/appellee George Joseph Stella was charged by information on December 31, 1981 with trafficking in cocaine. Stella filed a motion to dismiss the information and a hearing on the motion was held October 14, 1983. The court relied on arguments and evidence presented by codefend-ant Michael Lee Dorman, which had been adopted by Stella. The court dismissed the information against Stella on the ground that the state had used a convicted drug statute violator, Rene Delannoy, as a confidential informant to bring about Stella’s arrest. Stella was not shown to have been Delannoy’s accomplice, accessory, cocon-spirator or principal in the incident that had led to Delannoy’s prosecution. Because of this fact, the trial court found that such use of the confidential informant to obtain more lenient treatment for Delannoy under section 893.135(3), Florida Statutes (1983), constituted unconstitutional application of that statute to Stella. The state timely appealed.
The issue is whether the trial court erred in holding that section 893.135(3), Florida Statutes, was unconstitutionally applied against a defendant who was arrested through information supplied by a confidential informant who was prosecuted for an offense in which the defendant was not involved. We conclude that it did.
Section 893.135(3) permits the prosecutor to seek reduction or suspension of the sentence of a violator of the trafficking portions of the statute who is of substantial assistance in the identification, arrest or conviction of his accomplices, accessories, co-conspirators or principals. Evidently here, Delannoy was so convicted and then obtained more lenient treatment by assisting in the obtaining of evidence against Stella and others. None of these, however, were Delannoy’s accomplices, accessories, co-conspirators or principals in the incident leading to Delannoy’s prosecution.
If, as defendant/appellee claims, section 893.135(3) was not intended to produce leniency for an offender like Delannoy who helped to obtain criminal process against people not involved with him in his offense, Delannoy may have obtained a bonanza to which he was not entitled. Whatever bene *782 fit Delannoy received, the trial court erred in viewing such benefit as bearing in any way upon the information against Stella. Stella was not personally affected by De-lannoy’s receipt of more lenient treatment; and how or why Delannoy came to be a confidential informant also has no bearing on Stella’s case. If Stella could show entrapment, that would be a different matter; but here the court found section 893.135(3) unconstitutionally applied to Stella, when it was not applied to Stella at all, but to Delannoy.
Stella was not charged with violating section 893.135(3) (nor could he have been, for the sub-section does not define a criminal offense). Accordingly, Stella cannot challenge the constitutionality of that section or of its application to Delannoy. Stella has no personal stake in what happened to Delannoy and may not challenge those portions of a statute that do not adversely affect his personal or property rights. Sandstrom v. Leader, 370 So.2d 3, 4 (Fla.1979), citing Broadrick v. Oklahoma, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973). It is for the foregoing reason that we reverse. No one has a due process right not to be caught for his criminal conduct merely because the person assisting the police is out of prison when properly he should be behind bars. As for the argument that Stella was attacking the application of section 893.135(3) to him, and not to Delannoy, this is patently not true. The section has, moreover, been found constitutional from a variety of angles in State v. Benitez, 395 So.2d 514 (Fla.1981).
In sum, Stella appears to have transmogrified an entrapment defense into an attack on the constitutionality of the present application of the substantial assistance statute. If Stella can show he would not have committed the offense, that is, he lacked the predisposition to commit it, but was induced by Delannoy to commit it, let him. See, e.g., Morris v. State, 456 So.2d 471 (Fla.3d DCA 1984). Dismissal of the information because of Delannoy’s supposedly improper release from punishment is not the correct procedure.
DOWNEY and DELL, JJ., concur.