507 So.2d 611 (1987)
Steven LUSBY, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1850.
District Court of Appeal of Florida, Fourth District.
February 18, 1987.
As Modified on Denial of Rehearing June 24, 1987.
Ian S. Seitel, Fort Lauderdale, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Joan Fowler Rossin, Asst. Atty. Gen., West Palm Beach, for appellee.
WARNER, MARTHA C., Associate Judge.
Appellant, Steven Lusby, appeals the lower court's judgment adjudicating him guilty of conspiracy to traffic in cocaine and trafficking in cocaine, and sentencing him to fifteen years' imprisonment for each offense, to be served concurrently.
Appellant met Scott Kuffer, confidential informant for the Clearwater Police,[1] at a sales techniques seminar in Tampa. Both were attending the seminar in connection with their occupations as car salesmen. Kuffer and the appellant became friendly at the convention and even shared a marijuana cigarette together. Kuffer admits that during a conversation about drugs he brought up the subject of cocaine. He portrayed himself as a well versed drug dealer. He told appellant he was having trouble with the IRS because of his accumulation of assets purchased from drug deal profits, a statement which was untrue. Appellant told Kuffer that he had a friend who had the same problem. Although the two discussed the availability of cocaine, dealing in the drug did not come up. Nevertheless, the two exchanged telephone numbers so they could get together on something in the future.
Kuffer testified that after the car convention and several telephone calls to the *612 appellant he notified the Clearwater Police Department of his contact with the appellant. The detective working with Kuffer had never heard of the appellant and did not check on the appellant through any of the law enforcement networks. He had Kuffer place a call to the appellant which was taped. In that conversation, in which Kuffer was trying to set up a deal, appellant told Kuffer his contact had large amounts of cocaine and that he (appellant) was doing this to make a little extra cash. Based upon the first conversation, the detective decided to set up a drug buy. After several additional taped conversations, a deal was set up at a restaurant in Manatee County. Appellant appeared at the restaurant but the drug buy that evening fell through. Appellant testified that his original intent was to back out, but when he was shown $120,000 in cash by the undercover detective at that meeting, he decided to go ahead with a drug deal. To that end he interested an old friend into locating cocaine and setting up the deal. This buy was set up and took place in January in Broward County. At the time of the actual buy, appellant was not present.
Appellant was arrested and charged with trafficking in cocaine and conspiracy to traffic in cocaine. His defense to the action was entrapment.
In Cruz v. State, 465 So.2d 516 (Fla.), cert. denied, 473 U.S. 905, 105 S.Ct. 3527, 87 L.Ed.2d 652 (1985), the supreme court adopted an objective threshold test for entrapment which supplements the traditional subjective doctrine. The threshold test requires the state to establish initially whether "police conduct revealed in the particular case falls below standards, to which common feelings respond for the proper use of governmental power ..." Cruz, 465 So.2d at 520, quoting from Sherman v. U.S., 356 U.S. 369, 382, 78 S.Ct. 819, 825, 2 L.Ed.2d 848 (1958).
In Cruz, the supreme court stated:
To guide the trial courts, we propound the following threshold test of an entrapment defense: Entrapment has not occurred as a matter of law where police activity (1) has as its end the interruption of a specific ongoing criminal activity; and (2) utilizes means reasonably tailored to apprehend those involved in the ongoing criminal activity.
465 So.2d at 522.
The interruption of ongoing drug trafficking is a specific ongoing criminal activity sufficient to satisfy the first prong of the test. In the instant case, although the police did not know of the appellant or his codefendant, the confidential informant had information from the appellant himself that appellant had a friend who was a drug dealer and that appellant used drugs himself. Further, appellant and the informant conversed about amounts of drugs, appellant seemed familiar with drug jargon, and the confidential informant and appellant exchanged phone numbers to set up something in the future. Thus, the government could reasonably conclude that appellant, either together with his friend or by himself, was engaging in the ongoing sale of drugs.
This case differs from Marrero v. State, 478 So.2d 1155 (Fla. 3d DCA 1985). In Marrero, the defendant was recruited as a seller of marijuana, to be supplied by undercover agents. Thus, there was no interruption of ongoing criminal activity since the defendant had no history of drug involvement, and the government conduct in supplying the drug did not "facilitate discovery or suppression of ongoing illicit traffic in drugs." See U.S. v. West, 511 F.2d 1083, 1085 (3d Cir.1975). In the instant case it was appellant and his co-defendant who had the contacts to obtain illicit drugs. Thus, interrupting their ability to obtain and sell illicit drugs clearly falls within the first prong of the test.
We are concerned, however, that the confidential informant was on a "fishing expedition" in bringing up the topic of drugs to the defendant when the confidential informant had no reason to believe that appellant had any contact with illegal drugs whatsoever. We do not condone general forrays into the population at large by government agents to question at random the citizenry of this country to test *613 their law abiding nature, i.e., virtue testing. However, when information is willingly offered regarding illegal activities, especially in the difficult area of detecting drug trafficking, such government-initiated conversation does not per se become entrapment.
As to the second prong of the Cruz test, the activities of the police were not so extensive as to be characterized as outrageous. See Brown v. State, 484 So.2d 1324 (Fla. 3d DCA), rev. denied, 492 So.2d 1330 (Fla. 1986). The appellant admitted his drug use to the confidential informant and his acquaintance with a drug dealer. The confidential informant then called the appellant ten to fourteen times over the next ten days attempting to persuade the appellant to enter into a drug deal. There were no threats to appellant's personal safety, nor were there promises of exorbitant gain.[2] In the first conversation which was taped by the police, the appellant gives every indication of wanting to make a deal, including his statement that he was "dreaming of a white Christmas." From the totality of the circumstances, we cannot say that the police conduct falls below the standards set forth in Cruz. See Brown, 484 So.2d at 1327.
We find the remaining points to be without merit, and for the foregoing reasons we affirm the appellant's conviction and sentence.
AFFIRMED.
ANSTEAD and GLICKSTEIN, JJ., concur.
NOTES
[1] Kuffer had been arrested by the Clearwater Police for trafficking in cocaine. In order to reduce the mandatory sentence Kuffer would have received under the trafficking statute, Kuffer offered to enter into a substantial assistance agreement and provide the police department with information on drug activities. Kuffer's information on the appellant helped the police make a new case. Thus it would not constitute substantial assistance under Fla. Stat. 893.135(3), see Campbell v. State, 453 So.2d 525 (Fla. 5th DCA 1984). However, that fact does not compel a discharge of the appellant. State v. Stella, 454 So.2d 780 (Fla. 4th DCA 1984).
[2] Appellant testified that Kuffer had told him he would "make him a rich man," but appellant told the confidential informant that he was only doing this to make "a little extra cash."