SALMON, MICHAEL H„ Associate Judge,
dissenting.
I respectfully dissent.
A paid confidential informant became aware of Manchac through an acquaintance. Based upon information the informant received from the acquaintance (the exact nature of which we do not know), the informant assumed that Manchac could deliver narcotics. Sometime later, the informant contacted the Fort Lauderdale police department, and told officers that he was going to attempt to get Manchac to make a narcotics delivery. The officers could not recall the specifics of what the informant told them regarding why the informant would deliver drugs. The officers did, however, authorize the informant to make the deal. The informant contacted Manc-hac, who turned out to be willing to deal, as expected, and after a series of meetings, negotiations and transactions not necessary to detail here, the defendant was arrested, tried, convicted of trafficking in cocaine and conspiracy to traffic in cocaine, and sentenced to fifteen year concurrent sentences on each count.
The principal question of substance raised by the defendant is whether or not he was entrapped as a matter of law so that it can be said that the trial judge should have granted a judgment of acquittal. The defendant invokes parts of the Cruz-Marrero doctrine, Cruz v. State, 465 So.2d 516 (Fla.), cert. denied, 473 U.S. 905, 105 S.Ct. 3527, 87 L.Ed.2d 652 (1985), and Marrero v. State, 493 So.2d 463 (Fla. 3d DCA 1985). The part we are involved with is whether the police activity involved in this case had as its end interruption of a specific ongoing criminal activity. More particularly, does information given to the police to the effect that an informant has some unspecified information from an acquaintance which leads the informant to believe that Manchac is dealing in drugs meet the objective test laid down in Cruz. Stated otherwise, could the government, at this point, reasonably conclude that Manc-hac was engaging in drug dealing. The question is, then, should they have authorized the informant to make the deal.
*855 The State relies, in large measure, upon Lusby v. State, 507 So.2d 611 (Fla. 4th DCA 1987), which affirmed a conviction in a case in which the defense of entrapment was raised on facts strikingly similar to this case. Lusby reached the outer limits of determining whether specific ongoing criminal activity was involved, and is distinguishable from this case in one significant aspect. The court in Lusby concluded that the information upon which the informant (and the police) concluded that the defendant was involved in criminal activity came from the defendant himself, not from some unknown, untested acquaintance of the informant.
Based upon the information the police had when they authorized the informant to make the deal with Manchac, they were engaged in the virtue testing prohibited by Lusby.
I therefore believe that the motion for judgment of acquittal should have been granted.