ANSTEAD, Judge.
This is an appeal by appellant, George Laws, from a conviction and sentence in a drug trafficking case. We affirm and reject Law’s claim that he proved entrapment as a matter of law and is entitled to be discharged.
FACTS
In his motions for judgment of acquittal made at trial, Laws asserted that he had been improperly entrapped by the police into trafficking in cocaine. The trial court denied the motions. It instructed the jury on the defense of entrapment. The jury apparently rejected such defense, returning a verdict of guilty.
At trial, Kenneth Pfeiffer, arrested with Laws for the same incident, testified that Frank Guccione, a confidential informant for the police, approached him a few times and asked if he could find some cocaine for a friend of his. Pfeiffer referred Guccione to Laws, and told Guccione that he could contact Laws directly. Pfeiffer said that he referred Guccione to Laws because Laws had told him earlier that he had business associates who were involved in the sale of cocaine, and that there was a small profit to be made in the sale of cocaine. Guccione was successful in contacting Laws. Subsequently, Guccione, Pfeiffer, and undercover officers of the Broward *929 County Sheriffs Department, Detectives Arthur Barnhouse and James Knight, met with Laws to discuss a purchase of five kilograms of cocaine. At that meeting, Laws examined the detectives’ money to be used in the transaction. Laws told the detectives that he would bring the cocaine the next morning to Pfeiffer’s apartment where the transaction would take place.
The detectives went to the apartment at the scheduled time, but only Pfeiffer was there. Sometime later, Dwight Barnes, Laws’ codefendant, arrived at the apartment carrying a box. Pfeiffer testified that Barnes walked into the apartment, and placed the box on top of the refrigerator. When Laws finally arrived at the apartment, he apologized for being late, but said that he had to meet with one of his “clients” that morning. Once in the apartment, Laws escorted Detective Knight to the bedroom and had a conversation with him about the sale. Laws said that he was only able to get two kilos of cocaine. He then took Detective Knight back into the living room, and retrieved the box from the top of the refrigerator. A substance that looked like cocaine was inside the box. Laws was arrested at the scene. Detective Knight performed a cobalt test, and the results indicated that the substance was cocaine. A later test confirmed those results.
The state also introduced into evidence tape recordings of telephone conversations between Detective Knight and Laws concerning the transaction, and of conversations inside the apartment at the time of the transaction. Laws indicated during those conversations that he had other “clients.” He said that he liked to make “an extra pop here and there”. And in one telephone conversation, Laws said: “You know, its not my first day on the job. I’m 40 years old. I am a three-time loser for doing this shit. I have a good grip on what to do.”
LAW
In Cruz v. State, 465 So.2d 516 (Fla.1985), the Florida Supreme Court outlined a threshold test for an entrapment defense. It stated that entrapment has not occurred as a matter of law where police activity: (1) has as its end the interruption of specific ongoing criminal activity; and (2) utilizes means reasonably tailored to apprehend those involved in ongoing criminal activity. In this appeal, Laws argues that the first prong of the Cruz test was not met because there was no evidence presented to demonstrate that Laws was engaged in ongoing criminal activity outside of the transaction that led to his arrest. Laws asserts that the first prong of Cruz was not met because the informant and the police did not know him and did not have actual knowledge that he was involved in such activity in the past.
The court in Cruz said that the first prong of the test addresses “virtue testing,” or police activity that seeks to prosecute a crime where no such crime exists but for the police activity engendering the crime. Cruz, 465 So.2d at 522. In State v. Konces, 521 So.2d 313 (Fla. 4th DCA 1988), this court found that the police did not set up an operation which sought to manufacture crimes where none existed because: (1) the defendant readily agreed to sell cocaine; and (2) the defendant admitted that he purchased marijuana in the past. Likewise, this court in Lusby v. State, 507 So.2d 611 (Fla. 4th DCA) rev. denied, 518 So.2d 1276 (Fla.1987), found that the first prong of the Cruz test had been met because the defendant portrayed himself to a police informant as a well versed drug dealer, and said that he could arrange to get large quantities of cocaine.
In this case, the police had several reasons to believe that Laws was involved in the ongoing sale of drugs. First, as noted previously, Pfeiffer referred Guccione, the informant, to Laws specifically because he knew that Laws had contacts who could get large quantities of cocaine, and because Laws had once indicated that he occasionally made such sales. Second, the appellant readily agreed to get the cocaine for the transaction. Third, he produced two kilos of cocaine from his contacts and stated that he had other clients. Laws said that he had been in the business for a long time, and indicated that he had been previously *930 caught at it. Finally, throughout his conversations, he used jargon that is associated with the sale of drugs. Based upon this evidence we find no error by the trial court in submitting the entrapment defense to the jury.
Accordingly, we affirm appellant’s conviction.
GUNTHER and WARNER, JJ., concur.