588 So.2d 269 (1991)
Joseph STRICKLAND, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1973.
District Court of Appeal of Florida, Fourth District.
October 16, 1991.
Rehearing, Certification and Clarification Denied November 21, 1991.
*270 Richard L. Jorandby, Public Defender, and Ellen Morris, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dawn S. Wynn, Asst. Atty. Gen., West Palm Beach, for appellee.
ANSTEAD, Judge.
We affirm appellant's conviction for purchasing illegal drugs from an undercover police officer, and reject both claims asserted on appeal concerning the issue of entrapment.
As appellant candidly acknowledges, other panels of this court have already rejected the claim that a defendant's constitutional right to due process of law is violated by placing upon him the burden of proof on the defense of entrapment as required by section 777.201, Florida Statutes (1989) and the Florida Standard Jury Instructions for Criminal Cases. See Herrera v. State, 580 So.2d 653 (Fla. 4th DCA 1991); Krajewski v. State, 587 So.2d 1175, (Fla. 4th DCA 1991). See also Gonzalez v. State, 571 So.2d 1346 (Fla. 3d DCA 1990), rev. denied 584 So.2d 998 (Fla. 1991). We reject appellant's due process claim as to the burden of proof on the authority of these decisions and expressly upon the reasoning set out in Judge Jorgenson's opinion in Gonzalez.
Appellant also asserts that the trial court erred in rejecting his claim of objective entrapment set out in Cruz v. State, 465 So.2d 516 (Fla.), cert. denied, 473 U.S. 905, 105 S.Ct. 3527, 87 L.Ed.2d 652 (1985). Appellant asserted in a motion to dismiss that the police, acting through a previously convicted drug dealer acting as an informant, were not seeking to interrupt ongoing drug activity when appellant was set up in a reverse sting drug deal. The trial court denied the motion after conducting an evidentiary hearing. Preliminarily, we agree with appellant that the trial court erred in initially concluding that the law of Cruz was superceded by the enactment of section 777.201.
Although this court came to that same conclusion in Krajewski, the Florida supreme court has subsequently issued an opinion indicating that Cruz is still alive and well. More importantly, for purposes of our analysis here, the supreme court held in State v. Hunter, 586 So.2d 319 (Fla. 1991) that the objective entrapment aspects of Cruz are predicated upon constitutional due process concerns:
In Cruz we stated that the state must "establish initially whether `police conduct revealed in the particular case falls below standards, to which common feelings respond, for the proper use of governmental power.'" 465 So.2d at 521 (quoting Sherman v. United States, 356 U.S. 369, 382 [78 S.Ct. 819, 825, 2 L.Ed.2d 848] (1958), Frankfurter, J., concurring in result). To guide trial courts, we set out a threshold test for establishing entrapment: "Entrapment has not occurred as a matter of law where police activity (1) has as its end the interruption *271 of a specific ongoing criminal activity; and (2) utilizes means reasonably tailored to apprehend those involved in the ongoing criminal activity." Id. at 522 (emphasis added). By focusing on police conduct, this objective entrapment standard includes due process considerations.
Those constitutional due process considerations, of course, cannot be superceded by statutory enactments. See also Gonzalez.
The trial court here, however, while initially discounting the Cruz claim, nevertheless applied the Cruz test to the evidence presented at the motion to dismiss hearing, and found the appellant's claim deficient:
* * * * * *
2. However, if F.S. 777.201 (1987) did not repeal the objective entrapment test of Cruz v. State, 465 So.2d 516 (Fla. 1985), then the Court finds that the police activity in this case was designed to interrupt on-going criminal activity. It was not designed to ensnare innocent individuals or induce the commission of criminal activity by those not otherwise pre-disposed. Further, the police utilized means reasonably tailored to apprehend those individuals committing the crime. The Court finds the testimony of Defendant Brooks to be credible and finds the testimony of Darryl Feinman was not credible. Now that Feinman has been sentenced, he no longer has motivation to cooperate with the police and testify honestly. Furthermore, the Court finds that the police did not entrap an innocent individual, in phone conversations overheard by Detective Brooks. The Defendant portrayed himself as being well-versed in drug dealing. See Lusby v. State, 507 So.2d 611 (Fla. 4th DCA) review denied, 518 So.2d 1276 (Fla. 1987). Thereby, corroborating the informant's information that the Defendant trafficked. Further, the defendant readily agreed to sell drugs and was familiar with drug packaging and terminology. See State v. Konces, 521 So.2d 313 (Fla. 3d DCA 1988) and Laws v. State, 540 So.2d 928 (Fla. 4th DCA 1989). These factors indicate that the police did not manufacture the crime.
3. No violation of the process occurred as indicated in Hunter v. State, 531 So.2d 239 (Fla. 4th DCA 1988). Horizontal substantial assistance was made acceptable by an amendment to F.S. 893.135(3), which post dated the substantial assistance that occurred in Hunter. No permission was given by Detective Brooks for the informant to give the Defendant a sample of cocaine, and no agreement was approved by the police for the informant to arrange an unusually low price or a gift of three ounces of cocaine. In fact, no low price or gift occurred. There was no testimony that the deal in fact was "too good to be true." Further, the Defendant indicated a willingness to do future deals. The agreement required Fienman to cooperate against known drug dealers, which he did. Whether the defendant was currently dealing or had dealt in the past, is an issue for the jury to decide on the issue of entrapment, not a due process issue for the Court.
4. No violation of due process occurred as indicated in State v. Glosson. No contingency fee arrangement existed. Therefore, the defendant did not have a financial stake in criminal convictions. No percentage of the seized money was to be paid unless the substantial assistance occurred after sentencing. The State Attorney did not participate in targeting the defendant. And did not approve the targeting of the defendant. The informant was not required to testify prior to is (sic) sentencing, and his testimony is not essential for a conviction to be had. In fact, it is likely that his testimony at trial would be elicited by the defendant.
We have examined the record and find competent substantial evidence therein to support the trial court's findings of fact.
It is apparent that the trial court concluded that the police activity which resulted in the arrest of appellant did have as its end the interruption of specific ongoing *272 criminal activity.[1] Because that conclusion is supported by competent substantial evidence, and in accord with the law set out in Cruz and Hunter, we affirm.
GLICKSTEIN, C.J., and HERSEY, J., concur.
NOTES
[1] We commend the trial court for having the foresight to address the Cruz issue despite its initial conclusion that the statute had displaced the Cruz test.