GARRETT, Judge.
.Dewey Futch [Futch] appeals his conviction and thirty-year prison sentence for a $20 purchase of two cocaine rocks within 1,000 feet of a school. He claims that the trial court should have granted his motion for judgment of acquittal because the police entrapped him as a matter of law. We agree and reverse. Because we also remand with directions to the trial court to discharge appellant we need not address any of the remaining issues.
Nancy Mary Cook [Cook], a narcotics detective with the Davie Police Department, testified that at about 2 o’clock in the morning she met Futch in a bar.[1] Cook was out drinking with about ten of her female friends after her “regular active duty” day ended. Futch was out drinking with his friend, “Doc.” Futch made a comment to Cook about the bar music that started a conversation with her and he told her that he worked at a carnival. Cook thought that Futch was “slightly interested in her.” Futch offered to buy Cook a beer and told her that he was “looking for some partying.” Cook thought the word “partying” meant “drinking, drugs and prostitutes” so she asked Futch if any of “you carnies do rocks, smoke rocks or do drugs”. Futch’s “ears perked up” and his “eyes lighted up like a little kid in a candy store” and he excitedly said, “Yeah, I do. Can you get me some?” Cook also testified that Futch told Doc, “Hey man, she can get us some rocks ... do you want some?” However, Doc was “more interested in getting a woman for the night” and asked Cook where he could get a woman. *1152 Cook told Doc “you’ll have to go to Federal Highway.” After Cook told Futch that she had an unlimited drug source, he ordered a “twenty cent piece” (rock cocaine valued at $20) for that night and “an eight ball” (an eighth of an ounce of cocaine) for the following day. Cook further testified that Futch used those drug terms before she did. Futch said that he wanted the “eight ball” to make some money for himself. After Cook told Futch that she was unable to obtain the drugs that evening, she asked him if he wanted the drugs the next day. Futch said, “Okay” and gave Cook directions to the school where the carnival was set up. Futch told her to meet him at his bumper car ride at 8 o'clock the next night. Cook gave Futch her beeper number because he was going to see if any other carnival workers wanted drugs. Futch never called Cook. The next night at 8 o’clock Cook met Futch at the bumper car ride. She asked him whether he still wanted to purchase drugs and he told her that he did not need the “eight ball” because the other carnival workers had spent all their money. About an hour later, Cook returned to the bumper car ride with four cocaine rocks. Futch paid Cook $20 for two of the cocaine rocks. Futch told Cook that she could “ride any rides you want for free.” Cook then arrested Futch for purchasing cocaine within 1,000 feet of a school which led to his “free ride” to the police station.
Futch testified that he purchased the cocaine rocks because Cook told him if he “was to buy her a rock, she’d stay and party.” Futch’s credibility suffered when he admitted to twenty-three convictions for forging checks for which he twice served time in prison.
Cruz v. State, 465 So.2d 516 (Fla.), cert. denied, 473 U.S. 905, 105 S.Ct. 3527, 87 L.Ed.2d 652 (1985), established a threshold two prong objective test to determine whether entrapment has occurred as a matter of law. The supreme court stated:
[Entrapment has not occurred as a matter of law where police activity (1) has as its end the interruption of a specific ongoing criminal activity; and (2) utilizes means reasonably tailored to apprehend those involved in the ongoing criminal activity. [Emphasis added.]
Id. at 522. Conversely, entrapment exists as a matter of law if the police activity fails to satisfy either prong. If both prongs are met, then a subjective test comes into play which creates a jury question as to whether the defendant has proven that he or she was entrapped. See § 777.201, Fla.Stat. (1989).
We hold that as a matter of law the Davie police entrapped Futch into the purchase of the cocaine rocks. The state failed to establish that Cook’s activity had as its end the interruption of a specific ongoing criminal activity. Thus, the state did not establish the first prong of the Cruz test. To the contrary, the evidence established that at the time Cook interjected “drug talk” into her conversation with Futch he was not engaged in any specific ongoing criminal activity. Cook knew nothing about Futch before she met him and the state never proved that he had a prior history of drug involvement. Any conversation that Futch had about drugs only occurred after Cook cast her “fishing expedition” to bait, hook, net, and land him for the purchase of illegal drugs. As this court stated in Lusby v. State, 507 So.2d 611, 612-13 (Fla. 4th DCA), review denied, 518 So.2d 1276 (Fla.1987):
We do not condone general forays into the population at large by government agents to question at random the citizenry of this country to test their law abiding nature, i.e., virtue testing.
REVERSED AND REMANDED WITH DIRECTIONS TO DISCHARGE APPELLANT.
DOWNEY, J., and OWEN, WILLIAM C., JR., Senior Judge, concur.

. A defendant who moves for a judgment of acquittal admits not only the facts stated in the state's case, but also admits every conclusion favorable to the state that the jury might fairly and reasonably infer from the state’s evidence. Lynch v. State, 293 So.2d 44, 45 (Fla.1974). Also, an appellate court must view the facts in a light most favorable to the state. Id.