PER CURIAM.
This is an appeal by the defendant Darrell Allan Winkfield from final judgments of convictions and sentences for (1) conspiracy to traffic in cocaine, and (2) resisting a law enforcement officer without violence, which were entered below based on an adverse jury verdict. The defendant’s sole contention on appeal is that the trial court erred in denying his motion to dismiss the information against him on the ground that the confidential informant’s conduct in this case violated the defendant’s due process rights. We disagree and affirm.
First, we reject the defendant’s contention that the state’s financial arrangement with the confidential informant required dismissal of the drug charges in this case based on the authority of State v. Glosson, 462 So.2d 1082 (Fla.1985). The rule announced in Glosson has no application here because there is no showing, as required, that the confidential informant’s trial testimony was necessary to a successful prosecution for conspiracy to traffic in cocaine. Indeed, the state presented more than sufficient competent evidence, without the testimony of the confidential informant, to prove the necessary elements of conspiracy to traffic in cocaine. It is well settled that the crime of conspiracy consists of an express or implied agreement between two or more persons to commit a criminal offense, Herrera v. State, 532 So.2d 54, 58 (Fla. 3d DCA 1988); however, direct proof of such agreement is not necessary as the jury may infer an agreement from all the circumstances and accompanying acts of the defendant. McCain v. State, 390 So.2d 779, 780 (Fla. 3d DCA1980), review denied 399 So.2d 1144 (Fla.1981). In the instant case, the strongest testimony adduced against the defendant on the drug conspiracy charge was that of a codefendant who was involved in the drug transaction; the codefendant testified to a conversation with the defendant in which the latter stated that he [the defendant] could get the code-fendant the cocaine which the codefendant wanted, specified a price for it, helped the codefendant count the purchase money, and made all the arrangements to meet with the seller, who, unbeknownst to both men, was an undercover police officer. In addition to this, Agent Tilton, who supervised the confidential informant, testified about a conversation which he overheard between the confidential informant and the defendant discussing the drug deal in question; agent Tilton also observed the defendant appear at the location where the drug deal was to be consummated, not once but twice. Agent Powell, the undercover seller, also testified that the defendant was identified to him as “the man” by one of his coconspirators; and upon arrest, the defendant was found in possession of a notebook with details about the drug meeting. All of this presented a strong case of a criminal conspiracy to traffic in cocaine, apart from the confidential informant’s testimony. Moreover, there was no evidence adduced of subjective entrapment, and, consequently, the informant’s testimony was not needed on this issue. Beyond that, the rule in Glosson obviously has no application whatever to the defendant’s conviction for resisting arrest because the confidential informant was not even a witness on this charge, much less an indispensable one.
Second, we cannot agree that a case of objective entrapment has otherwise been made out under Cruz v. State, 465 So.2d *1263 516 (Fla.1985) and State v. Hunter, 586 So.2d 319 (Fla.1991). The police conduct herein did not, as urged, fall below standards to which common feelings respond for the proper use of government power— unless we conclude, as we are disinclined to do, that the police officers may not, as here, (1) send a confidential informant on the streets within their jurisdiction with instructions to respond to any inquiry from any person who wishes to deal in illicit drugs, (2) investigate any such inquiry themselves by participating in a reverse-sting-drug operation, (3) arrest persons who seek to buy the police-supplied drugs, and (4) pay the informant for his services according to a prearranged pay plan. In our view, the police activity in responding to the defendant’s inquiry in this case to purchase drugs from the confidential informant had as its end the interruption of specific criminal activity, namely, drug trafficking by the defendant. Moreover, the police activity in setting up the drug deal at the defendant’s request was specifically tailored to apprehend the defendant while involved in his ongoing criminal activity. Cruz; Hunter. Finally, we fail to see how objective entrapment has anything whatever to do with the resisting arrest conviction.
Affirmed.