STONE, Judge.
We affirm Appellant’s conviction for delivery of cocaine. The cocaine was sold to an undercover officer who was introduced to Appellant by a paid informant. Appellant contends that the means employed by the officer constitutes “objective” entrapment, solely because an informant introduced them, mandating reversal pursuant to Cruz v. State, 465 So.2d 516 (Fla.), cert, denied, 473 U.S. 905, 105 S.Ct. 3527, 87 L.Ed.2d 652 (1985) and State v. Hunter, 586 So.2d 319 (Fla.1991).
The only error alleged is the trial court’s denial of Appellant’s motion for judgment of acquittal at the close of the state’s case. The defense did not file a pretrial motion to dismiss or suppress. At no time prior to the state’s resting its case did the defense ever raise an entrapment issue of any kind.
The officer, Detective Graziadei, testified that he was introduced to Kinsey by the informant at the scene of the offense. He had no independent knowledge of prior criminal activity by Kinsey. It was the informant’s practice to notify Graziadei when he came upon someone delivering drugs. The informant did not participate in Graziadei’s conversation with Kinsey.
Graziadei asked Kinsey for a piece of crack cocaine. Kinsey responded that he would get him “a good size twenty dollar piece.” Graziadei gave Kinsey the twenty dollars and Kinsey pointed to a nearby location where he would go to pick up the drugs. He returned after a few minutes, called the detective over, and delivered the drugs, thereby completing the transaction. After the delivery, Kinsey asked Graziadei if he could have a piece of the cocaine rock. Graziadei broke off a small piece and gave it to him. As Kinsey was leaving, Graziadei signaled his backup and shortly thereafter Kinsey was arrested.
The record contains no information concerning any conversation between Kinsey and the informant. Kinsey elected not to testify. The informant did not testify, his testimony not being necessary, or even relevant, absent an entrapment issue. The record is also silent on what the informant told Graziadei about Kinsey. At one point during cross examination, the detective indicated that he did not recall what the informant had said to him prior to the transaction. On redirect, the state tried to inquire about what the officer might now recall more specifically concerning what the informant told him about Kinsey, but the state was prevented from doing so by the defense’s hearsay objection. The unrebutted evidence, therefore, is the following: the detective was acting pursuant to information supplied by an informant; the informant played no role in the negotiation; the detective did not have to persuade Kinsey to act; Kinsey conducted the transaction freely; the only payment to the informant was his standard non-contingent $20.00 fee for identifying drug dealers to Graziadei; at the time of the transaction, the informant was not facing criminal charges or a sentence, nor was he performing any type of substantial assistance; and the informant had worked with Graziadei for over a year and had been instructed about avoiding entrapment. Furthermore, the state’s evidence that there was absolutely no discussion about Kinsey wanting or receiving a piece of the crack until after the crime was completed remains unrebutted in the record.
Objective entrapment is police conduct incident to involving the defendant in a criminal act which falls below commonly recognized standards for the proper use of governmental power. Cruz. Such conduct is said to constitute entrapment as a matter of law. Cruz, 465 So.2d at 521.[1] The state *558 asserts that the legislature abolished the separate defense of objective entrapment when it enacted, effective October 1, 1987, section 777.201, Florida Statutes (1991), which placed the burden of persuasion on the defendant to prove an entrapment defense. However, this court has determined that section 777.201 neither abolished the defense nor altered the Cruz test. Krajewski v. State, 597 So.2d 814 (Fla. 4th DCA1992), decision approved, 621 So.2d 430 (Fla.1993); Ricardo v. State, 591 So.2d 1002 (Fla. 4th DCA1991); Strickland v. State, 588 So.2d 269 (Fla. 4th DCA1991), review denied, 599 So.2d 658 (Fla.1992). See also, e.g., Lewis v. State, 597 So.2d 842 (Fla. 3d DCA), jurisdiction accepted by the supreme court, 605 So.2d 1266 (Fla.1992). But see State v. Munoz, 586 So.2d 515 (Fla. 1st DCA1991), jurisdiction accepted by the supreme court, 598 So.2d 77 (Fla.1992); Simmons v. State, 590 So.2d 442 (Fla. 1st DCA1991). We nevertheless affirm because this record does not demonstrate the existence of objective entrapment. See Krajew-ski.
Appellant asserts that his rights were violated by the failure of the state to introduce evidence at trial that the detective knew of any prior criminal activity by Kinsey before engaging him to purchase drugs, and additionally by the detective’s act of giving him a piece of the crack cocaine after the sale. Appellant also asserts that the entire transaction was unlawful as criminal activity by the police not otherwise authorized under chapter 893, Florida Statutes (1991). See State v. Williams, 623 So.2d 462 (Fla.1993); Kelly v. State, 593 So.2d 1060 (Fla. 4th DCA), rev. denied, 599 So.2d 1280 (Fla.1992).
We conclude that there was simply insufficient proof on this record from which to conclude as a matter of law that Detective Graziadei wrongfully induced Kinsey to deliver cocaine. Rather, all of the direct testimony was to the contrary. Essentially, Appellant argues that, under Hunter, a presumption of objective entrapment arises from the fact of an initial contact or communication between the defendant, not previously known to the police, and an informant. We do not read Cruz and Hunter this broadly.
In Jeralds v. State, 603 So.2d 643, 644 (Fla. 5th DCA), jurisdiction accepted, 613 So.2d 5 (Fla.1992), the court determined that police officers approaching someone [with no apparent information concerning that person’s pri- or involvement] and asking where they could purchase cocaine, “is not the type of police activity which entitles a defendant to the defense of objective entrapment as explained in Cruz and Hunter.” See also State v. Sargent, 617 So.2d 1115 (Fla. 5th DCA1993). In a similar case, the Third District stated:
[W]e cannot agree that a case of objective entrapment has otherwise been made out under Cruz v. State, 465 So.2d 516 (Fla. 1985) and State v. Hunter, 586 So.2d 319 (Fla.1991). The police conduct herein did not, as urged, fall below standards to which common feelings respond for the proper use of government power — unless we conclude, as we are disinclined to do, that the police officers may not, as here, (1) send a confidential informant on the streets within their jurisdiction with instructions to respond to any inquiry from any person who wishes to deal in illicit drugs, (2) investigate any such inquiry themselves by participating in a reverse-sting-drug operation, (3) arrest persons who seek to buy the police-supplied drugs, and (4) pay the informant for his services according to a prearranged pay plan. In our view, the police activity in responding to the defendant’s inquiry in this case to purchase drugs from the confidential informant had as its end the interruption of specific criminal activity, namely, drug trafficking by the defendant.
Winkfield v. State, 601 So.2d 1261, 1262-63 (Fla. 3d DCA1992) (charge of conspiracy to traffic upheld in a purchase from an undercover officer, after an initial contact made by a paid informant who did not testify).
Although objective entrapment claims are generally addressed by a pretrial motion, Appellant asserts that entrapment may also be raised as an issue for the first time, after *559 the state has rested, by a motion for judgment of acquittal. See State v. Hunter, 586 So.2d at 819; Futch v. State, 596 So.2d 1150 (Fla. 4th DCA1992).
Clearly, subjective entrapment is a defense and as such should be raised by the defendant as an avoidance of the charge. Herrera v. State, 594 So.2d 275 (Fla.1992). However, Appellant contends that objective entrapment need not be raised until after the state rests because, in every case of this type involving communication between an informant and a target, the state has the burden of proof as part of its case in chief to demonstrate on the record both that the state agents had knowledge of prior criminal activity by the defendant and that the methods used did not create a substantial risk that the crime would be committed by one not predisposed to commit it.
In Herrera, the supreme court recognized that the legislature validly placed the burden of proof with respect to entrapment on defendants. But Herrera involved only a subjective entrapment issue. Whether section 777.201, Florida Statutes (1991), placed the burden of proof on the defense also as to objective entrapment, and, if so, whether the same was constitutional, was not addressed by the Herrera majority. Justice Kogan, however, in concurring, opined that objective entrapment was not addressed by the statute. We note that the majority in Herrera did not respond to that view. We also note that in State v. Hunter, the court did not address section 777.201, apparently because the effective date of the statute was subsequent to the offense.
Presently Munoz is pending in the supreme court. We proceed here on the assumption that the entrapment statute has not abolished the obligation of a court, following Cruz, to dismiss the charges where there is entrapment as a matter of law. However, there remain questions concerning how to treat police conduct that may not factually rise to the level of the circumstances addressed in Cruz and Hunter, as well as whether the burden of proof, or persuasion, established in the entrapment statute applies to claims of objective entrapment. See Bennett v. State, 598 So.2d 332 (Fla. 1st DCA1992) (Wolf, J., concurring).
We can discern no reason to extend the dictate of Hunter, after the statute’s effective date, effectively to mandate that the state put the informant on the stand as a part of every prima facie case in which the police come into contact -with a defendant through an informant. It is particularly difficult to fault the state in this case, where it attempted to introduce testimony of what the informant told the detective and was precluded from doing so. Obviously, it would be the rare trial where a defendant would ever fail to object to such testimony as inadmissible on hearsay or relevancy grounds.
Generally, objective entrapment issues should be raised before trial, or at the earliest opportunity, so that evidence on that issue which would otherwise be inadmissible, as irrelevant or hearsay as to the issues for the jury at trial, may be considered by the trial court on a motion to dismiss, allowing the court to make appropriate and timely findings. We recognize that similar issues apparently were resolved by a motion for judgment of acquittal in both Hunter and Futch. Nevertheless, we consider both cases to be inapposite. In Hunter, entrapment was clearly raised as a defense, the essential facts as to the entrapment issues appear to have been undisputed, the witnesses testified, and the record demonstrated that there was no specific ongoing criminal activity until the informant created it in order to meet his “substantial assistance” quota. In Futch, the facts were undisputed and there was very specific testimony concerning how and why Futch became involved, and that he did so as a result of the enticements of the officer, which patently constituted entrapment as a matter of law. It is not clear in Futch whether entrapment was raised as a defense before the motion for judgment of acquittal, but that appears to be the case. In neither case was the state called upon to negate an entrapment issue that had not even been raised, or to present to a jury testimony that otherwise would be inadmissible at trial in order to do so.
With respect to the other due process issue arising out of the drug transfer to *560 Appellant, we recognize that enticing an addict into an unlawful transaction by the promise of payment in the form of drugs is misconduct that will not be tolerated and that will subject a charge to dismissal as a due process violation. E.g., Pezzella, v. State, 513 So.2d 1328 (Fla. 3d DCA1987), rev. denied, 523 So.2d 578 (Fla.1988). See also Futch, 596 So.2d 1150. But it is speculation to say that this is what occurred in this case, where the only testimony is to the contrary.
DELL, C.J., concurs.
GUNTHER, J., concurs in result only.

. As a guide, the Cruz court proceeded to describe a two-prong test to be applied: Entrapment has not occurred where police activity “(1) has as its end the interruption of a specific ongoing criminal activity; and (2) utilizes means reasonably tailored to apprehend those involved in the ongoing criminal activity.” The first seeks to prevent "police activity seeking to prosecute crime where no such crime exists but for the police activity engendering the crime.” The second considers whether "a government agent 'induces or encourages another person to engage in conduct constituting such offense by either: (a) making knowingly false representations designed to induce the belief that such conduct is not prohibited; or (b) employing methods of persuasion or inducement which create a substantial risk that such an offense will be committed by persons other than those who are ready to commit it.’ " Cruz, 465 So.2d at 522 (quoting Model *558 Penal Code § 2.13 (1962)). In considering objective entrapment, the defendant's predisposition is irrelevant. Id. at 521.