PER CURIAM.
Michael Robb appeals his judgment and sentence for cocaine trafficking. We affirm.
Michael Robb entered a plea of no contest to the charge of cocaine trafficking, with an express reservation of the right to appeal the denial of his motion to dismiss based on the theory of objective entrapment.[1] See State v. Hunter, 586 So.2d 319 (Fla.1991); Cruz v. State, 465 So.2d 516 (Fla.), cert. denied, 473 U.S. 905, 105 S.Ct. 3527, 87 L.Ed.2d 652 (1985).
The parties in this case stipulated that the issue of objective entrapment would be decided on the basis of the depositions of the confidential informant and the police officer.
In denying the motion to dismiss based on entrapment, the trial court entered an order stating:
2. The depositions show that the defendant is a cocaine dealer. (See paragraph 4). Prior to the activities of the confidential informant, defendant’s dealing was not known to the police. The initial contact with the defendant was set up by a mutual acquaintance of confidential informant Lee and the defendant, after Larry Lee let it be known that he was looking for someone from whom to buy drugs. The mutual acquaintance suggested that Lee “try Mike [Robb],” the defendant. The mutual acquaintance contacted the defendant who called the confidential informant and defendant expressed an interest in supplying the desired drugs.
[[Image here]]
4. Although the confidential informant initially expressed an interest in purchasing two ounces of cocaine from the defendant, he was told by the defendant that the latter had “reupped” the night before the transaction and arrest and that defendant could supply whatever amount of cocaine the confidential informant wanted. In drug parlance, “reupped” means that the
defendant had just resupplied himself with a large quantity of the illegal substance.
Order, February 13, 1993.
At deposition the confidential informant testified:
Q. Were you going around like crazy saying I’ve got to find somebody who can supply the officers with some drugs so I can help myself?
A. Yes, sir.
Q. And you don’t remember who it was who suggested Mike Robb to you?
[[Image here]]
A. I don’t even think of the name because they called Mike and Mike had called me back. They did all that. I talked to the guy for two seconds and I said if you know him give me a call ...
Q. So Mike called you first before you called him in connection with this case?
A. Yes, sir.
* ⅝ * * * *
Q. Well, let me ask you this; he called you first, you said?
A. Yes, sir.
Q. Some mutual friend called him?
A. Right, the mutual friend called him.
Q. What was the name of the mutual friend?
A. I don’t remember.
Q. You’re sure you don’t remember?
A. Yes, sir. There was a couple of people and all I said was, “If you know somebody have something, give me a call.” They gave Mike my number and Mike called me.
Q. Mike called you where?
A. At home.
Q. And what did he say to you?
A. “How is it going. Do you want something?” And I said, “Yeah.” I think. Something. It wasn’t a long conversation.
Q. Did you discuss what kind of something you wanted, whether it was marijuana, coke, pills?
A. He said what I said, white, and he said yes, he could get it.
*1258 Q. And what happened next? Did you discuss price with him or quantity?
A. I think we discussed price the next time I called him back, the next day or something, and he gave me the price and I think the day after that is when it went down. It was only like two phone calls or three, if I remember correctly. I’m almost sure.
Essentially, the confidential informant had “put the word out” that he wanted to buy cocaine. A mutual acquaintance told defendant that the confidential informant was interested in making a purchase. The defendant then called the confidential informant.
In denying the motion to dismiss the court stated, insofar as pertinent here:
3. Defendant seems to argue in his motion that unless the police knew of his drug dealing activities before the confidential informant brought them to the attention of the authorities, the defendant has been objectively entrapped because the police have no knowledge of specific ongoing criminal activity. That is not the law. Herrera v. State, 594 So.2d 275, 278 (Fla. 1992) (concurring opinion of Justice Kogan); Winkfield v. State, 601 So.2d 1261 (Fla. 3d DCA1992).
******
5. ... With respect to objective entrapment, the defendant meets neither prong of the test set forth in Cruz v. State, 465 So.2d 516 (Fla.1985). The police sought to interrupt specific ongoing criminal activity and the means utilized were perfectly reasonable.
We agree with the trial court that the conduct involved here is similar to that involved in Winkfield, does not run afoul of Hunter or Cruz, and is factually very different from cases such as State v. Ramos, 608 So.2d 830 (Fla. 3d DCA1992), review granted, 617 So.2d 321 (Fla.1993), and Lewis v. State, 597 So.2d 842 (Fla. 3d DCA), jurisdiction accepted, 605 So.2d 1266 (Fla.1992).
Affirmed.

. The issue of subjective entrapment was also raised in the trial court. The sole issue presented for purposes of this appeal is objective entrapment.