ON MOTION FOR REHEARING

PER CURIAM.
Roberto Buigues appeals the summary denial of his rule 3.850 motion. We affirm the circuit court’s order on all of appellant’s claims, but grant his motion for rehearing and issue this opinion to explain our decision on one of the issues raised.
In his post-conviction motion, appellant argued in part that the Broward County Sheriffs Office exceeded its territorial jurisdiction and violated his due process rights when a confidential informant contacted appellant in Dade County and arranged a drug deal with him which took place in Broward County. Citing entrapment cases, such as Kinsey v. State, 623 *1204 So.2d 556 (Fla. 4th DCA 1993), appellant argues that the confidential informant, who had a substantial assistance agreement with the sheriffs office, is an agent of law enforcement and that his actions outside of Broward County amounted to unlawful police activity.
Whether an informant is an agent of law enforcement for purposes of entrapment is not determinative of whether the sheriffs office exceeded its jurisdiction.
Appellant has not cited any authority expressly holding that a confidential informant cannot make contacts with a drug dealer in another jurisdiction or investigate criminal activity beyond the jurisdiction of local law enforcement.
The confidential informant is not a law enforcement officer, and in making contact with appellant, the informant was not acting under the “color of office” of a law enforcement officer or performing any action that only a law enforcement officer is authorized to perform. Even a municipal police officer can conduct investigations or make an arrest outside the municipality if the officer is acting as a private citizen. State v. Phoenix, 428 So.2d 262 (Fla. 4th DCA 1982), approved, 455 So.2d 1024 (Fla.1984) (discussing the “color of office” doctrine); Wilson v. State, 403 So.2d 982 (Fla. 1st DCA 1980).
In State v. Shipman, 370 So.2d 1195 (Fla. 4th DCA 1979), we held that an undercover officer who was not acting under “color of his office” when he participated in an undercover drug buy outside his jurisdiction could make an arrest as a private citizen. “ ‘Under color of office’ refers to a law enforcement officer actually holding himself out as a police officer, by either wearing his uniform or in some other manner openly asserting his official position, in order to observe the unlawful activity involved or the contraband seized.” Id. at 1196-97.
There was nothing improper about the confidential informant investigating illegal drug activity in Dade County. The drug transaction occurred in Broward County, and the officers of the Broward County Sheriffs Office never acted beyond them jurisdiction.
The denial of appellant’s 3.850 motion is affirmed.
GUNTHER, WARNER and POLEN, JJ., concur.